UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>$43,029 U.S. CURRENCY and $9,641 U.S. CURRENCY<br><br>        Defendant.<br>_____/ | No. 06-07421(EDL)<br><br>Related Case Nos. 07-2185 (EDL) & 07-1880 (EDL)<br><br>ORDER RE PENDING MOTIONS; CONSOLIDATING CASES; SETTING CASE MANAGEMENT CONFERENCE |

There are a number of pending motions in the above-captioned case and in the related cases Vasquez v. United States (Case No. 07-2185 EDL) and Vasquez v. United States (Case No. 07-1880 EDL), namely: Hector Vasquez's ("Vasquez") motion to object to the forfeiture action (Docket No. 7); Vasquez's discovery motions (Docket Nos. 15, 22, and 35); and Vasquez's request for counsel (Docket No. 49). In related case number 07-2185, the United States' motion to dismiss (Docket No. 3) and Vasquez's request for production (Docket No. 11) are pending. In related case number 07-1880, the United States' motion to dismiss (Docket No. 5) and Vasquez's request for production (Docket No. 19) are pending. The Court rules on these pending motions and requests as follows.

///

///

## I. BACKGROUND

On May 5, 2006, agents of the Sunnyvale Specialized Enforcement Team ("SET"), along with San Jose Police Officers and a federal agent conducted a probation search pursuant to the probation clause of Francisco Vasquez at 1999 Panama Avenue and sought to make contact with Hector Vasquez. Robinson Decl. ¶ 7. Shortly after, officers stopped Vasquez in a GMC pickup truck. The police arrested Vasquez and transported him back to 1999 Panama Avenue. According to the government, Vasquez gave permission to search the truck, and police conducted a search of 1999 Panama Avenue pursuant to a probation clause. Id. ¶¶ 8-10. Currency was seized from the truck, from Vasquez's person, and methamphetamine was seized from the house. Id. That day, SET contacted the DEA and requested that the money be federally forfeited. Id. ¶ 12. The money was transported to the DEA, and ultimately to the United States Marshal's service. Id. On May 18, 2006, Vasquez pled guilty to possession for sales of methamphetamine in violation of California Health and Safety Code § 11378. Id. ¶ 14.

On June 20, 2006, the DEA sent written notice of the seizure of the $9,641 and $43,029 by certified mail to Vasquez at 1999 Panama Avenue and to the Elmwood Correctional Facility. The former notices were accepted for delivery by an individual, and the latter were returned by the Postal Service as undelivered. Hieronymus Decl. ¶¶ 4, 5. The seizure was then published in the Wall Street Journal on July 3, 10, and 17, 2006. Id. On August 24, 2006, the DEA sent written notice of the seizure to Vasquez at Chuckawalla State Prison, and an individual accepted delivery of the notice. The notices explained the option of filing a claim with the DEA Forfeiture Counsel to contest the forfeiture action. Id. On September 6 and September 8, 2006, the DEA received a claim for seized property from Vasquez, and subsequently referred his claim to the United States Attorney for initiation of judicial forfeiture proceedings. Id.

On October 25, 2006, the clerk's office for the Superior Court of Santa Clara filed Vasquez's claims opposing forfeiture (these were the same forms Vasquez filed in response to the federal administrative proceedings). The government was not served with notice of this action. See Ex. C to United States Response to Jurisdictional Issues. Two actions were filed in the state court (both listing Vasquez as claimant, and captioned "Claim Opposing Forfeiture") separately protesting the seizure of the $43,029 in U.S. currency and the $9,641 in U.S. currency.

1  On December 4, 2006, unaware of the claim forms filed in state court, the government filed a single forfeiture action under 21 U.S.C. § 881(6) against defendants $42,029 in U.S. currency and $9,641 in U.S. currency.[1] In connection with that action, No. C06-7421, the government gave notice to interested parties, including Mr. Vasquez, that any claim against the seized items must be filed within 30 days of receiving notice[2], and an answer must be filed thereafter within 20 days. After receiving notice of the federal forfeiture action, Mr. Vasquez filed a "Motion to Strongly 'Object' to the Forfeiture Action" on February 2, 2007, which attached copies of the complaints in the two state court actions. These exhibits provided notice to the government of the state actions, and the United States removed them to federal district court. Notice of Removal, No. C07-1880 (filed April 4, 2007); Notice of Removal, No. C07-2185 (filed April 20, 2007).

On March 16, 2007, the government filed a Proof of Publication attaching the Notice of Forfeiture action it published in the San Jose Post-Record and The Recorder. See Docket No. 9. On March 20, 2007, in response to the "Motion to Strongly Object" filed in the federal action, the government filed an opposition to Mr. Vasquez's motion, arguing that Mr. Vasquez lacked standing because he failed to file any claim or answer within the 35-day period and therefore had no right to defend his claim. In addition, the government filed a motion to dismiss in each of the two removed actions, arguing that the Court should "dismiss [the case] which is the state court action which was removed to federal district court. The state court lacks jurisdiction." See Motion to Dismiss C07-2185, at 4; Motion to Dismiss C07-1880, at 4.

On April 16, 2007, Vasquez filed a document opposing the federal forfeiture action (entitled Hector Vasquez accepts court order granting telephonic appearance; motion to present factual and procedural background; supporting facts, verified statement; points and authorities; claimants declaration; objection to forfeiture action and opposition to complaint, hereinafter "Docket No. 16")

---

[1] Section 881(a)(6) of Title 21 of the U.S. Code provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance.

[2] The government inadvertently quoted the outdated rule. Under the new Rule of Civil Procedure G, effective December 1, 2006, a potential claimant of items seized in an in rem action is supposed to be advised that he or she has 35 days to file a claim under Rule G(4)(b)(ii)(B), rather than 30 days under the former rule. See Supp. Case Management Statement (filed May 17, 2007).

1  including a prayer for relief that the Court order the government to return him his money. Vasquez
2  has been participating in the federal forfeiture action in other ways. He filed a motion to compel the
3  government to turn over documents on April 16, 2007, and also filed a request to appear
4  telephonically in a case management conference. On April 25, 2007, Vasquez sent a letter to the
5  Court attaching his Reply to the government's opposition to Vasquez's Motion to Strongly Object,
6  and attached a copy of the discovery request Vasquez served on the government. Vasquez later filed
7  a request for production of documents on July 11, 2007. Nonetheless, on August 26, 2007, the
8  government filed a Request for the Clerk to enter default in the federal forfeiture, on the ground that
9  Vasquez has not filed a timely claim for his property and subsequent answer. The clerk denied
10 default.

## II. JURISDICTION

This Court previously requested that the parties brief certain factual and legal issues so that the Court could determine whether it had jurisdiction over the matter. When state and federal courts each proceed against the same *res*, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935). Penn General Casualty "establish[es] a strong prudential limitation -- so strong, in fact, that if concurrent in rem jurisdiction is established, a federal district court has no discretion as to whether to yield to a prior state proceeding; it 'must yield'." United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (concurring opinion) (citing In re One 1985 Cadillac Seville, 866 F.2d 1142, 1145 (9th Cir. 1989)); Penn. General Casualty Co., 294 U.S. at 195)). In In re Seizure of Approximately 28 Grams of Marijuana, 278 F. Supp. 2d 1097 (N.D. Cal. 2003), the Court ordered the DEA to return subject marijuana to the county sheriff's department, because the state court, not the federal court, had jurisdiction. The Court noted that "even in the absence of a state forfeiture action, courts have found that in some cases, the principles articulated in Penn General bar federal in rem proceedings against property seized by police pursuant to state court warrants." Id. at 1102. However, the Court also noted that "[a] number of courts have allowed federal forfeiture actions to proceed against property seized by police officers so long as no state court forfeiture action was pending." Id. at 1104 . Finally, the Court noted that "the extent of judicial control conferred by California Penal Code § 1536 might be sufficient to find that under

4

Penn General, federal courts may not take jurisdiction over property seized by California state authorities without a turnover action," although the Court did not have to reach the issue, because the state court had actively asserted jurisdiction over the property. Id. at 1107. See also United States v. $25,000, 2003 U.S.Dist. LEXIS 16303 (N.D. Cal. Sept. 16, 2003) (Conti, J.) (where there was a pending state action opposing forfeiture, and where property was seized under state warrant, federal court barred from asserting jurisdiction over same res; dismissing case and returning property to jurisdiction of superior court).

The Court is now satisfied that it has jurisdiction over this forfeiture action. A federal agency may adopt the seizure of property seized by another agency as related to illegal drug use or trafficking. See, e.g., Madewell v. Downs, 68 F.3d 1030, 1037 (8th Cir. 1995); see also 18 U.S.C. § 981(b)(2)(c) (transfer of property from state to federal agency is an exception to requirement that federal forfeitures proceed by way of a seizure warrant). It is true that under the cases above, the first Court to obtain *in rem* jurisdiction maintains it to the exclusion of other courts. However, the state court did not have *in rem* jurisdiction here.

It is now clear that the property at issue was not seized pursuant to a state search warrant. A state's warrantless seizure of property does not create state jurisdiction over it. In re One 1985 Cadillac Seville, 866 F.2d at 1146 (federal court had jurisdiction over vehicle that was seized without warrant during a traffic stop, where state had not instituted forfeiture proceedings). The vehicle in In Re One 1985 Cadillac Seville and the property in this case are similarly situated; in neither case was a warrant involved, nor were any state forfeiture proceedings instituted at the time of the transfer to federal law enforcement. See also United States v. $639,470, 919 F. Supp. 1405, 1410 (C.D. Cal. 1996) (federal jurisdiction over property seized by state law enforcement found where state presented *res* to federal government for adoption and there was no state court proceeding with which the adoption could interfere). This case is therefore distinguishable from United States v. $25,000, 2003 WL 22159054 *5 (N.D. Cal. 2003), in which the currency was seized pursuant to a search warrant and a claim was filed in state court before transfer of the currency from state to federal control. It is also distinguishable from Approximately 28 Grams of Marijuana, 278 F. Supp. 2d at 1102-07, which involved extensive state court involvement over the *res* before it was transferred to federal custody.

5

Nor do the papers filed by Vasquez in state court after the federal government adopted the *res* divest this Court of its jurisdiction. See, e.g., United States v. One 1986 Chevrolet Van, 927 F.2d 39, 44-45 (1st Cir. 1991) (claimant's state court filing of motion to restore property after claimant learned property was referred to DEA did not affect federal court's jurisdiction); United States v. $119,000, 793 F. Supp. 246, 250 & n.5 (D. Haw. 1992) (if post-adoption state court motion to return property prevailed, it would "setting a dangerous precedent which would encourage claimants to circumvent federal forfeiture proceedings by running to state court "). Because this Court has jurisdiction, it will turn to the merits of the pending motions.

### III.  MOTIONS TO DISMISS

The United States moves to dismiss the two removed cases on the grounds that the state court lacks jurisdiction over federal court forfeiture actions. It is true that the federal court and the state court cannot both have *in rem* jurisdiction concurrently. See One 1985 Cadillac Seville, 886 F.2d at 1145. Vasquez improperly filed his claim to the currency in state, rather than federal court. However, the United States removed these actions because the state court actions involved the same subject properties and maintained that federal jurisdiction was proper, because the United States, not the state, has custody over the property. These cases are now removed and under this Court's jurisdiction. Therefore, these motions are DENIED, as all three actions are in federal court. Certainly, as a practical matter, it does not make sense for the three cases to proceed separately, as they all involve the same property. Therefore, the three related actions are hereby CONSOLIDATED.

### IV.  VASQUEZ'S OBJECTION TO FORFEITURE ACTION

Vasquez's motion to strongly object to the forfeiture action seeks summary judgment and an order releasing the held currency, but Vasquez does not attach any evidence to his motion. His motion is therefore DENIED.

The Court, however, will briefly address a few of the points raised by the United States in its opposition. The United States argues that Vasquez lacks proper standing to contest a forfeiture as both a statutory matter and as an Article III and prudential requirement because he has not filed a claim or answer in this case, citing United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989) ("We require proper standing to contest a forfeiture both as a statutory matter and as

6

an Article III and prudential requirement.") (citations omitted) and United States v. $57,790 in United States Currency, 263 F. Supp. 2d 1239 (S.D. Cal. 2003) (noting that it "is clear that in the Ninth Circuit an individual with an ownership interest in property has standing to challenge a forfeiture" and that "an individual with a possessory interest in the property will have standing if that interest is explained"). However, these cases deal with lack of interest in the property, not whether a claim or answer was properly filed in the forfeiture proceeding.

Here, Vasquez has filed two separate complaints in state court to claim the *res*. Docket Number 16 in the present case also states a claim to the *res* in the forfeiture action. Under Rule of Civil Procedure G(5)(a), a person asserting an interest in the property may contest the forfeiture by filing a claim where the action is pending, which (1) identifies the specific property claimed; (2) identifies the claimant and state his interest in the property; (3) is signed by claimant under penalty of perjury; and (4) is served on the government. Docket Number 16, for example, appears to fulfill these requirements, although it appears to be untimely and it appears that it was not served upon the government until April. Still, if the Court were to excuse the untimeliness, it seems that this filing would satisfy the requirements of Rule G, given Vasquez's pro se status. Generally, pleadings are construed "liberally in [pro se litigants'] favor," but pro se litigants "are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (dismissing complaint where pro se plaintiff did not oppose government's motion to dismiss in any manner, and local rule allowed dismissal in light of non-opposition). See also Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("We have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). However, the Ninth Circuit has also noted that procedural requirements should be more liberally construed for pro se litigants. See, e.g., Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("Pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."). Because Vasquez's motion is denied for the reasons stated above, the Court need not resolve these issues. However, the parties shall be prepared to discuss at the upcoming case management conference whether Docket No. 16 or other pleadings filed in this case meet the requirements of a claim; what steps, if any, Vasquez must take to fulfil the requirements of Rule G(5); and a deadline for doing so.

## V. VASQUEZ'S DISCOVERY MOTIONS

Vasquez also filed multiple motions to compel discovery responses. These motions are DENIED. It does not appear that Vasquez met and conferred with the United States. In addition, even if Vasquez's filings constitute a claim under Rule G, he has not yet filed an answer to the United States' complaint as required by Rule G(5)(b). At the upcoming case management conference, the Court will discuss with the parties what discovery should go forward in this case. In light of this Order, the Court DENIES Vasquez's request for counsel at this time.

## VI. CONCLUSION

For the above reasons, Vasquez's motion to object to the forfeiture action (Docket No. 7); Vasquez's discovery motions (Docket Nos. 15, 22, and 35); and Vasquez's request for counsel (Docket No. 49) are DENIED. In related case number 07-2185, the United States' motion to dismiss (Docket No. 3) and Vasquez's request for production (Docket No. 11) are DENIED. In related case number 07-1880, the United States' motion to dismiss (Docket No. 5) and Vasquez's request for production (Docket No. 19) are DENIED.

It is further ORDERED that case numbers 06-07421(EDL), 07-2185 (EDL), and 07-1880 (EDL) are CONSOLIDATED for all purposes.

It is further ORDERED that a case management conference is set for **February 19, 2008** at 10:00 a.m. A joint case management conference statement shall be filed no later than February 12, 2008. Vasquez may participate telephonically.

Dated: January 11, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge